UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUAUHTEMOC GONZALEZ-LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05-CV-827 CEJ |
| ) | |
| JOHN FAHLE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this case to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis).[1] Plaintiff initially filed suit in the state court, asserting claims of breach of contract, intentional interference with an economic expectancy, and legal malpractice, all stemming from defendant's representation of plaintiff in a criminal matter. Defendant removed the action to this Court, asserting jurisdiction based on diversity of citizenship. In his motion to remand, plaintiff argues that while there is diversity of citizenship of the parties, the jurisdictional amount in controversy requirement has not been met.

A civil action brought in state court may be removed to federal court when the case could originally have been filed in

---

[1] The plaintiff also moves to strike the defendant's response to the motion to remand as untimely filed. The Court has a responsibility to determine whether it has subject matter jurisdiction, even when the issue is not raised or properly addressed by the parties. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). Thus, the Court will consider the defendant's response, regardless of its timeliness.

federal court. 28 U.S.C. § 1441 (a). An action between diverse parties may be brought in federal court when the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

Plaintiff's brief to the contrary, this matter is not quite as simple as assuming that unquantified punitive damages will necessitate a remand to state court.[2] The focus is on the defendant's burden of proof that the amount in controversy exceeds the jurisdictional amount of $75,000. Although the plaintiff has the burden of proving that the amount in controversy requirement of 28 U.S.C. § 1332 has been met when initiating a diversity action in federal court, the burden falls on the defendant when diversity jurisdiction is invoked upon removal. "In removed cases, it is the obligation of the removing defendant to establish that the amount in controversy test has been satisfied." 14B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3702 (3d ed. 1998); see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178 (1936); In re Business Men's Assur. Co. of America, 992 F.2d 181 (8th Cir. 1993); Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 879 (E.D. Mo. 1997); Visintine v. Saab Auto. A.B., 891 F. Supp. 496, 497 (E.D. Mo. 1995).

---

[2] Plaintiff's counsel incorrectly states that "two Judges of this District" decided cases supporting that position, citing Hohn v. Volkswagen of America, 837 F. Supp. 943 (C.D. Ill. 1993) and Chadwick v. Shell Oil, 828 F. Supp. 26 (E.D. La. 1993). Neither case was decided in the Eastern District of Missouri.

Additionally, the Court must "resolve all doubts about jurisdiction in favor of remand." In re Business Men's Assur. Co. of America, 992 F.2d at 183. Generally, this means that a removing defendant has a heavier burden to carry in order to prove the requisite amount in controversy than would a plaintiff initially filing a case in federal court. See Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002) (where the plaintiff files suit in federal court, the federal court has jurisdiction unless, as a matter of law, the plaintiff could not recover more than $75,000). Courts have justified the disparate standards on the grounds that the plaintiff is generally the master of his complaint and his choice of forum should not be easily disturbed, and could avoid removal by stipulation to a claim of less than the jurisdictional amount to begin with. See 14C Wright, Miller, & Cooper, supra, at § 3725.

Although it is settled law that the removing defendant must demonstrate that the amount in controversy requirement has been satisfied, the proper burden to be carried by the defendant is less certain. See Hill v. Ford Motor Co., 324 F. Supp. 2d 1028 (E.D. Mo. 2004); Commercial Coverage, Inc., v. Paradigm Ins. Co. 998 F. Supp. 1088 (E.D. Mo. 1998). Three situations can arise. First, the plaintiff might have sought a specific damage amount in a case filed in state court which the defendant now seeks to remove. If the damages are more than the federal jurisdictional amount, "the court can refuse jurisdiction in such cases only if it appears to a legal certainty that the case is really for less than the jurisdictional amount." Gilmer v. Walt Disney Co., 915 F. Supp.

1001, 1005 (W.D. Ark. 1996). Thus, courts refer to a "legal certainty" test and apply it in cases where jurisdiction is challenged even though the complaint states an amount in excess of the jurisdictional requirement.

Second, courts have used the "legal certainty" language to apply in the opposite situation, i.e., where a plaintiff brings a state court claim for a specific amount *below* the jurisdictional limit. Because it is the responsibility of the party claiming federal jurisdiction to show that the requirements for jurisdiction are met, courts have required that the defendant prove the amount in controversy to a legal certainty. See Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 879 (E.D. Mo. 1997).

Third, and pertinent here, the plaintiff might not have specified an amount of damages, and might have claimed only non-specific compensatory or punitive damages. In cases of this type, there is some disagreement on whether to apply a "legal certainty" standard or a "preponderance of the evidence" standard to the defendant's duty to quantify the amount in controversy.[3] See, e.g., City of University City v. AT&T Wireless Services, Inc., 229 F. Supp. 2d. 927, 931 (E.D. Mo. 2002) ("This Court has consistently

---

[3] This problem can arise when state statutes require plaintiffs to quantify their claims only to the extent that they satisfy the state court's jurisdictional amount. The Missouri statute that is relevant in this case provides that "[i]f a recovery of money be demanded, no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority." Mo. Rev. Stat. § 509.050(2) (2005). Therefore, defendants will often be faced with unspecified damage claims from which they must establish that the amount in controversy requirement has been satisfied.

required a defendant, in opposing a motion to remand, to show to a legal certainty that the amount in controversy requirement is met.").[4] Other courts in the Eighth Circuit, including those in the Eastern District of Missouri, have determined that the alternative test should apply: "[M]any courts have found that where no amount of damages is pled in the state court complaint, the appropriate burden of proof regarding the amount in controversy for a defendant opposing a motion to remand is preponderance of the evidence." City of University City, 229 F. Supp. 2d. at 931, citing Dupraz v. Aventis CropScience USA Holding, Inc., 153 F. Supp. 2d. 1102 (D.S.D. 2001); McClure v. Raymond Corp., 174 F. Supp. 2d. 982 (E.D. Mo. 2001); Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp. 2d. 943, 946 (D. Minn. 1999) (stating that "[t]he 'legal certainty' test is not applicable where a plaintiff does not allege a specific jurisdictional amount in the complaint"); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 195); Gafford v. General Elec. Co., 997 F.2d 150, 160 (6th Cir. 1993); Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993).

In recognition of the defendant's awkward burden, especially as the issue arises before significant discovery has been

---

[4] It should be noted that this is different from the legal certainty test that is applied to plaintiff's burden when bringing a suit in federal court. There, the plaintiff, as the proponent of federal jurisdiction, need only show that it "does not appear to a legal certainty that the claim for relief is less than the statutorily prescribed jurisdictional amount." Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002), citing 14B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3702 (3d ed. 1998).

accomplished, it seems that the majority of the courts facing this precise issue have applied the "preponderance of the evidence" test, if a test is applied at all. See 14C Wright, Miller, & Cooper, supra, at § 3725; see also In re Minnesota Mutual Life Ins. Co. 346 F.3d 830 (8th Cir. 2003) ("Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party, Minnesota Mutual, must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.").[5]

The Eighth Circuit has not ruled definitively on this issue. Other cases are related to the jurisdictional test relevant here, but are distinguishable. For example, the Eighth Circuit held in State of Mo. ex rel Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) that "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence," but the party invoking federal jurisdiction in that case was the plaintiff who had initially filed in federal court. More recently, the Eighth Circuit decided James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005), and applied the "preponderance of the evidence" standard. However, the court

---

[5] Problematically, the Eighth Circuit continued in this case to say, quoting Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000): "The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount." Thus, while the first part of the statement seems to settle on the "preponderance of the evidence" test, the second part invokes the legal certainty standard. Additionally, Trimble was a case brought by plaintiffs asserting jurisdiction in federal court, not a challenge to a removal case, so its utility in defining the standard here is diminished.

there examined the jurisdictional issue *sua sponte*, as the removing defendant and the plaintiff both relied on the plaintiff's asserted claim of $275,000. Thus, a definitive standard is absent in cases such as this, where a defendant's removal is challenged after he relies on plaintiff's unspecified or insufficient claim of damages as the basis for the amount in controversy. See Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) (stating that the Eighth Circuit "has not yet addressed the appropriate burden of proof to be placed on a defendant in a removal action wherein damages have not been specified").

This Court agrees with the reasoning of the courts who have used the preponderance of the evidence test in situations where the plaintiff has not pled a specific amount of damages. See Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir. 1993); Commercial Coverage, Inc. v. Paradigm Ins. Co., 998 F. Supp. 1088 (E.D. Mo. 1998). However, since the Court finds that the defendant has failed to satisfy the requirements of the preponderance of the evidence test, it follows that defendant would also fail to establish, to a legal certainty, that the amount in controversy exceeds $75,000.

A defendant's burden under the preponderance of evidence test is to provide "sufficient proof that a plaintiff's verdict may reasonably exceed that amount." Gilmer v. Walt Disney Co., 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) citing Bolling v. Nat. Life Ins. Co., 900 F. Supp. 400, 405 (M.D. Ala. 1995). See also McCorkindale v. American Home Assurance Co., 909 F. Supp. 646, 652 (N.D. Iowa

1995) (approving a definition of the preponderance of evidence standard as "proof that the jurisdictional amount was 'more likely than not' met, rather than a 'could well' or 'possibility' standard").

Plaintiff seeks actual damages and an unspecified amount of punitive damages in his complaint filed with the state court. He asserts three causes of action: (1) breach of contract, (2) intentional interference with an economic expectancy, and (3) legal malpractice. In the second and third claims, plaintiff seeks actual damages, and in addition states that "Fahle's actions were conducted with actual malice or with reckless disregard to the rights of Lopez, and punitive damages are therefore appropriate." (Compl. at ¶¶ 40, 46.) Defendant's burden is to sufficiently prove that the combined enumerated and non-enumerated damages requested in this case amount to more than $75,000, exclusive of interest and costs.

With respect to his first claim, plaintiff prays for actual damages in the amount of $15,000. His second and third claims each allege a damage amount "in excess of $25,000." Both parties assume that the $25,000 amounts are distinct claims that should be combined to arrive at the amount in controversy. The Court is not as certain. Plaintiff bases his claim for intentional interference with an economic expectancy on the "incurrence of legal fees for new counsel in the Criminal Case and for the incurrence of legal fees to vindicate his right to counsel on appeal in the Eighth Circuit." (Compl. at ¶ 37.) He claims that a sanctions motion

filed by defendant resulted in additional defense costs, because that motion interfered with his counsel's ability to prepare for trial. Then, plaintiff seems to assert an alternative basis for the recovery of the same damages via the legal malpractice claim when he states that legal fees were incurred "in an effort to avoid the prejudice created by [defendant's] actions" and "by incurring expenses related to the appeal of sanctions imposed by [defendant's] actions." (Compl. at ¶ 45.)

In determining the amount in controversy, a court must look at the actual value of the claims presented and not rely solely on the pleadings. "The amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant." City of University City v. AT&T Wireless Services, Inc., 229 F. Supp. 2d 927, 933 (E.D. Mo. 2002). In this instance, it appears that the true amount in controversy is the sum of the breach of contract claim ($15,000) and the damages due to the necessity of defending against the sanctions motion filed by the defendant. Although the damages sought for the second and third claims are not precisely redundant, the Court feels that there is considerable overlap between them, such that the full amount of damages in excess of $25,000 would not be separately recoverable for each claim.[6] Because the defendant has not

---

[6] Plaintiff and defendant both believe that because an amount is reduced to numerals that this suffices to create an amount in controversy. This is not so, as a recent Eighth Circuit case made clear. In James Neff Kramper Family Farm

presented any evidence that these actual damages comprise the amount assumed in controversy by the parties, the Court can agree only that actual damages are somewhere in excess of $15,000, which is the amount of the retainer underlying the breach of contract claim. Defendant states that he is conducting discovery to determine the amount of the attorneys' fees incurred by plaintiff, but no such information has yet been provided to the Court.

Plaintiff's central claim seems to be that the defendant, by filing a sanctions motion against plaintiff's new attorney, compromised plaintiff's ability to defend the criminal case. He also claims that defendant's actions "affected the good will of the judge in the trial against him." (Compl. at ¶ 39.) However, he does not claim that he was wrongly convicted as a result of defendant's actions, aside from saying that he "was injured in an amount in excess of $25,000 as a direct and proximate result of Fahle's actions, including without limitation by facing prolonged incarceration...." (Compl. at ¶ 45.) Moreover, plaintiff does not specifically claim damages due to emotional distress, lost wages, or any other damages that would flow from a wrongful incarceration cause of action.

The defendant attempts to carry his burden here by asserting that punitive damages bridge the gap between actual damages and the

---

Partnership v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005), the court held that the case should have been remanded to state court for lack of federal jurisdiction, despite plaintiff's claim of $275,000, when it became clear that the actual amount in controversy did not exceed $22.50.

jurisdictional requirement. Defendant has offered his assumptions of what a Missouri jury might award in compensation to the plaintiff if the plaintiff were to prevail on his interference with economic expectancy claim and his legal malpractice claim. According to the defendant, a punitive damages award might exceed $90,000. Defendant's calculation of this amount rests on the minimum wage and the number of hours that plaintiff has spent in jail since his conviction or, alternatively, on the Missouri median household income for the same period of time. Nowhere does defendant cite support for the relevance of these factors in an award of punitive damages in a legal malpractice case.

It seems equally uncertain to the Court that plaintiff would prevail against the defendant to the extent of winning compensation for every day of wrongful incarceration when it is far from clear that the defendant's actions were the proximate cause of the plaintiff's incarceration. The Court is unaware of any Missouri verdict or settlement wherein a plaintiff with a legal malpractice claim stemming from a criminal conviction obtained an award based on the amount of time that he was wrongfully incarcerated. Other awards in similar cases may constitute relevant evidence in order to establish an amount in controversy, particularly when punitive damages are part of the calculation. See, e.g., Burk v. Medical Savings Ins. Co., 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). However, defendant has presented none here.

Instead, defendant merely asserts that punitive damages are "available," and notes the lack of statutory caps on legal

-11-

malpractice awards. This does not suffice to meet the preponderance of the evidence standard. "[W]hen punitive damages are available, it is more likely that the amount in controversy will exceed the jurisdictional minimum. It does not follow, however, that the possibility of punitive damages relieves defendants of the need to produce 'competent proof' that the requirements of 28 U.S.C. § 1332 are satisfied." Bentley v. Wellman, Inc. 2003 WL 21409819 (W.D. Wis. Apr. 16, 2003).

Finally, defendant's reliance on Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002) is misplaced. In Kopp, the party asserting federal jurisdiction was the plaintiff, who initially brought her case in federal court. When the amount in controversy (and, hence, jurisdiction) was challenged by the defendant, it was plaintiff's burden to prove that, as a matter of law, a reasonable factfinder could award her more than the statutory jurisdictional amount. Id at 885. This is a different standard than the one imposed on defendants seeking to remove in the face of a plaintiff's challenge to federal jurisdiction, as discussed above. Therefore, defendant's argument that the amount in controversy requirement is met because a jury is not legally precluded from granting an award that satisfies it must fail.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#6] to remand is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion [#11] to strike defendant's response in opposition to motion to remand is **denied**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2005.